IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDERIC LUNSFORD | § | |
| v. | § | CIVIL ACTION NO. 9:05cv48 |
| | | (Crim. No. 9:98cr12) |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Frederic Lunsford, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lunsford was charged in a one count information with distribution of a controlled substance with intent to commit a crime of violence. He pleaded guilty and was sentenced on April 2, 1998, to 240 months in prison, followed by two years of supervised release. He did not take a direct appeal of his sentence, but filed this Section 2255 motion on February 22, 2005.

In his Section 2255 motion, Lunsford says that he is "actually innocent of his enhanced sentence." He relies on Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738 (2005), which applied Blakely to the U.S. Sentencing Guidelines. He says that his sentence is based on facts to which he did not admit and which were not found by a jury beyond a reasonable doubt, in violation of these cases; Lunsford explains that his sentence was based on a finding, made by the Court by a preponderance of the evidence, that he possessed 50 grams of methadone and 55.94 grams of dextropropoxyphene, but that he only admitted to possession of methadone.

1

The Magistrate Judge ordered the Government to answer Lunsford's motion. In its answer, the Government said that Lunsford admitted that he injected his wife with methadone with the intent to cause her death, that he cut her wrists, and that he shot her in the chest with a rifle. The Government says that these admissions are consistent with the admission in the plea agreement that Lunsford distributed methadone to his wife with the intent to cause her death, and so there are no Booker issues because Lunsford admitted to the facts supporting his sentence. The Government also argued that Booker is not retroactive and therefore does not apply to Lunsford in any event.

Lunsford filed a response to the answer saying that he is not challenging his conviction, only the sentence. He says that his claim of actual innocence of the sentence is not solely dependent upon Booker, and that Booker should be retroactive because it is "non-procedural." He refers to a Department of Justice memorandum saying that where defendants cannot satisfy the cause-and-prejudice standard, the defendants may argue that they are "actually innocent" of the higher sentence. Lunsford acknowledges that the Government did not argue procedural default, but nonetheless asserts that he is "actually innocent" of the higher sentence.

After review of the pleadings, the Magistrate Judge issued a Report on September 12, 2005, recommending that Lunsford's motion to vacate or correct his sentence be denied. The Magistrate Judge noted first that Lunsford did not make clear what facts he was referring to, but assumed that Lunsford meant the amount of drugs possessed; the Magistrate Judge observed that Lunsford furnished a copy of the pre-sentence report, which made clear that Lunsford had admitted to possessing methadone without a prescription, intentionally distributing it to his wife, that the amount given to her was unsafe, toxic, and in an amount that she did not agree to take, and that he acted with the intent to cause her death. Because Lunsford admitted these facts, the Magistrate Judge said, they could properly be considered, even under Booker.

Next, the Magistrate Judge reviewed Blakely and Booker. In so doing, the Magistrate Judge stated that neither Booker nor Blakely operate retroactively. The Fifth Circuit has stated that the Supreme Court has "strongly suggested" that these cases do not operate retroactively on collateral

2

review. In re Elwood, 408 F.3d 211, 212 (5th Cir. 2005). Furthermore, the Magistrate Judge noted that every federal appellate court which has considered the question has concluded that Booker and Blakely do not operate retroactively. Varela v. United States, 400 F.3d 864, 866 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005); United States v. Leonard, 120 Fed.Appx. 759 (10th Cir. 2005) (not selected for publication in the Federal Reporter).

Because Booker and Blakely do not operate retroactively, the Magistrate Judge concluded that these cases could not afford Lunsford any relief. The Magistrate Judge thus stated that Lunsford's claim on this point was without merit.

Although Lunsford argued that the rule in Booker actually traced back to In re Winship, 397 U.S. 358 (1970), which held that the Due Process Clause protects accused persons against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. The Magistrate Judge distinguished Winship because that case dealt with findings of guilt rather than facts concerning sentencing. In addition, the Magistrate Judge noted that a very similar claim was presented in In re Turner, 267 F.3d 225 (3rd Cir. 2001), in which the petitioner argued that Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) should relate back to Winship. The Third Circuit, citing Tyler v. Cain, 533 U.S. 656, 121 S.Ct. 2478 (2001) and Cage v. Louisiana, 489 U.S. 39, 111 S.Ct. 328 (1990), held that the petitioner had failed to show that the rule in Apprendi is necessarily retroactive, but merely has advanced an argument that it *should be* retroactive. In re Turner, 267 F.3d at 230-31. The Supreme Court has not yet adopted this argument and made the rule retroactive, and in fact indicated that the rule would apply only to those cases on direct appeal; every appellate court which has considered the question has concluded that the rule is not retroactive. The Magistrate Judge stated that the district court could not contravene such precedent to hold the rule retroactive, and recommended that Lunsford's argument on this point be denied.

3

Next, the Magistrate Judge turned to Lunsford's argument based upon Apprendi. In that case, the Supreme Court held that any facts which increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. Because Apprendi was decided in 2000, the Magistrate Judge concluded that any claim which Lunsford raised based solely on Apprendi was barred by limitations.

Finally, the Magistrate Judge rejected Lunsford's claim of "actual innocence," noting that the Supreme Court has held that actual innocence, standing alone, is not a basis for habeas corpus relief, but rather is a gateway through which a habeas petitioner must pass in order to have an otherwise barred constitutional claim considered on the merits. Dowthitt v. Johnson, 230 F.3d 733, 741-42 (5th Cir. 2000). In this case, the Magistrate Judge stated that Lunsford is claiming "actual innocence" as a free-standing claim for relief, and that his claim on this point is dependent upon Booker, which does not apply to him because it is not retroactive. The Magistrate Judge therefore recommended that Lunsford's petition be dismissed.

Lunsford filed objections to the Magistrate Judge's Report on September 30, 2005, In his objections, Lunsford says first that the Magistrate Judge failed to address the question of ineffective assistance of counsel, which he says "trumps any procedural bar." He complains that his attorney failed to object to the enhancement at sentencing, but fails to identify any valid basis for such an objection, given that neither Blakely, Booker, nor Apprendi had been decided at the time of sentencing. The Fifth Circuit has held that counsel is not required to be clairvoyant or to anticipate future changes in the law in preparing his defense. *See* United States v. Cooks, 461 F.2d 530, 532 (5th Cir. 1972); *accord,* United States v. Gonzales-Lerma, 71 F.3d 1537 (10th Cir. 1995).

Lunsford cites Bousley v. United States, 523 U.S. 614 (1998), but fails to note that this case relied upon Bailey v. United States, 516 U.S. 137 (1995), a decision which was held to be retroactive. *See* United States v. Riggs, 314 F.3d 796. 798 (5th Cir. 2002). Bousley and Bailey can therefore be distinguished from Booker, which is not retroactive.

4

Lunsford also refers to a Department of Justice memorandum, which he says states that if the Supreme Court concludes that the guidelines must be applied in accordance with the procedural requirements of Blakely, the Government would not be able to argue that the concept of actual innocence does not apply to factors increasing the offense levels under the guidelines. Assuming that Lunsford is accurately quoting from a Department of Justice memorandum, he nonetheless has failed to show its relevance; the Supreme Court did hold, in Booker, that Blakely was applicable to the U.S. Sentencing Guidelines, but this holding applies only prospectively, not retroactively, and thus does not apply to Lunsford.

Finally, Lunsford reiterates his contention that he is actually innocent and that he received ineffective assistance of counsel. He cites Dretke v. Haley, 124 S.Ct. 1847 (2004) as holding that the standard of Murray v. Carrier, 477 U.S. 478 (1986) is to be applied when a claim of actual innocence is raised in a habeas corpus action claiming ineffective assistance of counsel. In fact, as the Magistrate Judge said, the assertion of actual innocence is a gateway through which the petitioner must pass in order to overcome a procedural default. *See* Sawyer v. Whitley, 505 U.S. 333, 112 S.Ct. 2514 (1992). These cases do not apply to Lunsford because his claim of actual innocence is based upon Booker, which does not apply to him because that case is not retroactive, and his claim of ineffective assistance of counsel is based on a failure by counsel to raise objections at sentencing which, at that time, had no legal basis. Lunsford's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Government, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court, with two minor, non-substantive changes: the phrase "the rule in Apprendi" is substituted for the phrase "the rule in Booker" in the

discussion of <u>In re Turner</u> on page 6 of the Report, and the phrase "distribution of a controlled substance with the intent to commit a crime of violence" is substituted for the phrase "possession of cocaine with intent to distribute" on page 7 of the Report. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 18 day of **October, 2005.**

Thad Heartfield
United States District Judge